IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SUSAN GUINN,

                    Plaintiff,

v.                                     CIVIL ACTION NO.   2:12-cv-01121

ETHICON, INC., et al.,

                    Defendants.

## MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Summary Judgment)

       Pending before the court is the Motion for Summary Judgment [ECF No. 79] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon"). As set forth below, Ethicon's Motion is **GRANTED in part** and **DENIED in part**.

## I.   Background

       This action involves a West Virginia plaintiff who was implanted with Tension-free Vaginal Tape-Obturator ("TVT-O"), a mesh product manufactured by Ethicon. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 193, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Aug. 19, 2015, *available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiff's case was selected as an "Ethicon Wave 1 case."

## II.     Legal Standards

### A.     Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B.    Choice of Law

The parties agree, as does this court, that Ohio law applies to the plaintiff's claims. To determine the applicable state law for a dispositive motion, I generally refer to the choice-of-law rules of the jurisdiction where the plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996). The plaintiff originally filed this action in the United States District Court for the Western District of Missouri. Compl. [ECF No. 1]. Thus, the choice-of-law

3

principles of Missouri guide this court's choice-of-law analysis.

Missouri follows the "most significant relationship" test, as outlined in section 145 of the Restatement (Second) of Conflict of Laws, in determining choice of law questions. *Kennedy v. Dixon*, 439 S.W.2d 173, 184 (Mo. 1969). Section 145 directs courts to consider four factors: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile of the parties, and (d) the place where the parties' relationship is centered." *Nelson v. Hall,* 684 S.W.3d 350, 351–52 (Mo. Ct. App. 1984) (quoting Restatement (Second) of Conflict of Laws § 145 (1971)). Here, the implantation surgery that allegedly resulted in Ms. Olson's injuries took place in Ohio. While Ms. Guinn is a West Virginia resident, she also worked in Ohio and received medical care for her alleged injuries in Ohio. Moreover, both parties agree that Ohio is the proper choice of law. Accordingly, Ohio's substantive law governs the plaintiff's case.

## III.    Analysis

Ethicon argues it is entitled to summary judgment because the plaintiff's claims are without evidentiary or legal support.

### A.    Conceded Claims

The plaintiff concedes the following claims: Count II (manufacturing defect) and Count IV (defective product), Accordingly, Ethicon's Motion regarding those claims is **GRANTED**.

### B.    Common Law Claims Abrogated by the Ohio Product Liability Act

The Ohio Products Liability Act ("OPLA") is Ohio's statutory vehicle for product liability actions. *See Wimbush v. Wyeth*, 619 F.3d 632, 639 (6th Cir. 2010) (applying Ohio law). In an attempt to streamline product liability claims, a 2005 amendment to the OPLA expressly eliminated "all common law product liability claims or causes of action." Ohio Rev. Code § 2307.71(B); *Wimbush* , 619 F.3d at 639. Following are common law claims that have been abrogated by courts applying Ohio law: Count I (negligence), Count VI (common law fraud), Count VII (fraudulent concealment), Count VIII (constructive fraud), Count IX (negligent misrepresentation), Count X (negligent infliction of emotional distress), Count XI (breach of express warranty), Count XII (breach of implied warranty), Count XIII (violation of consumer protection laws), Count XIV (gross negligence), and Count XV (unjust enrichment). In addition, the plaintiff has not opposed summary judgment on her common law claims. Accordingly, Ethicon's Motion regarding these claims is **GRANTED**.

### K.    All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiff's remaining claims. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

## IV.   Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for

Summary Judgment [ECF No. 79] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the following claims: Count I (negligence), Count II (manufacturing defect), Count IV (defective product), Count VI (common law fraud), Count VII (fraudulent concealment), Count VIII (constructive fraud), Count IX (negligent misrepresentation), Count X (negligent infliction of emotional distress), Count XI (breach of express warranty), Count XII (breach of implied warranty), Count XIII (violation of consumer protection laws), Count XIV (gross negligence), and Count XV (unjust enrichment). Ethicon's Motion is **DENIED** in all other respects.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      February 3, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE